## John M. Kuhl v. Z. T. Mowell.

1. DISTRESS FOR RENT—*Not Yet Due.*—A distress warrant stands for the landlord's declaration in a proceeding by distress for rent and no distraint for rent not due by its terms, can be made.

Distress for Rent.—Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

R. M. PEADRO, attorney for appellant.

COCHRAN & MILLER, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The latter part of 1895, appellee, then a tenant of appellant and indebted to him on settlement to the amount of $338, gave him his note for that amount, due one year after date, which note was also signed by appellee's son, Lue Mowell. At the time said note was given, appellee rented of appellant for the next year, beginning March 1, 1896, the same farm he then lived upon, and by agreement between them, appellant was to get two-thirds of the broom corn raised upon the farm the next year, when in the bale; one-third of said crop of broom corn being given for the use of the farm for the year 1896, and the other one-third for the purpose of securing the payment of the said $338 note. The dwelling house, barn and lot on said farm, at this time, were reserved by appellant and not rented to appellee, but some three months later appellant did lease to appellee said dwelling house, barn and lot for $50, but the time when it was to be paid was not agreed upon, hence it was not due until March 1, 1896, being the end of the term for which they were leased.

On October 5, 1896, appellant issued to the sheriff of Moultrie county his distress warrant against appellee for $800 rent, claimed to be due him on October 3, 1896, from

appellee for said premises. The sheriff by virtue of said distress warrant levied upon a lot of broom corn, both baled and loose in the barn on said premises, there being about 121 bales in the bale, and about forty or forty-five bales loose.

On the trial appellee denied that any rent was due appellant, as stated in his distress warrant, and we think from the evidence, he was partially if not wholly correct; the house rent was not due, the amount of the note was not yet due, nor was it rent, when due, for which distress would lie. The broom corn rent, being one-third thereof grown upon the demised land during the term, was due when baled, and that part of the rent in the absence of any other express contract (and there was none shown), was due in bales on the demised premises, and it was found by the sheriff, at the barn on the demised premises, ready for appellant, when he should call for it there.

It must be remembered that this distress warrant stands for the landlord's declaration in this distress proceeding, and in it no claim was made that the rights of the landlord were in danger by reason of the removal or the contemplated removal of crops grown upon the demised premises, and for that cause he was distraining for rent not yet by its terms due, but the only claim made therein was for rent due October 3, 1896.

Hence we think the verdict and judgment of the court below was on the pleadings and evidence correct. And we therefore affirm the judgment herein of the County Court of Moultrie County.